## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Tiffany B. Schooley, | : | Chapter 7 |
| Debtor | : | |
| | : | Case No. 21-70051 JAD |
| Boat Finance, LLC, | : | |
| Movant | : | |
| Vs. | : | |
| | : | |
| Tiffany B. Schooley, | : | |
| Respondent | : | |
| and | : | |
| Lisa M. Swope, Trustee | : | |
| Respondent | : | |

**ANSWER OF DEBTOR TO MOTION OF BOAT FINANCE, LLC, FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d) WITH RESPECT TO PROPERTY: 2019 BAYLINER**

AND NOW comes your Debtor, Tiffany B. Schooley, by and through her counsel, Aaron J. Neuharth, Esquire and Answers Movant's Motion For Relief From Automatic Stay as follows:

1. Admitted.
2. Admitted.
3. Admitted. By way of further answer, Debtor is a co-owner, co-obligor on said obligation with her spouse.
4. Admitted in part. Denied in part. While it is admitted that Movant is the holder of a secured lien, said lien is against the Debtor as co-obligor and against her spouse as the co-obligor. Further, Debtor is without sufficient knowledge to either admit or deny the amount of the lien as of the petition date.
5. Admitted. By way of further answer, Debtor's statement of intentions indicates she intends to surrender her interest in said item. There is also a co-debtor on the loan. By way of movant's own motion, it is admitted that the movant is protected as the payments on the loan are current. The Debtor filed an amended Statement of Intentions indicating she was going to retain the collateral and continue to make the payments. Additionally,
6. Admitted and/or denied as follows:

    a. Debtor has filed an Amended Statement of Intention indicating she intends to retain the collateral and continue making regular monthly payments. Further, there is a co-debtor with respect to said collateral, even if the court were to grant relief against Debtor, Movant would have no ability to exercise any relief against the co-debtor, who is not a part of this action, and who has not filed for bankruptcy, as all payments on the collateral remain current. Therefore, Movant's Motion amounts to a waste of Debtor's time, Debtor's counsel's time, and the court's time.

    b. Denied. Said collateral is not in decline and has been well maintained. By way of further answer, payments on said collateral are current and movant is fully protected.

    c. Denied. Debtor believes there is equity in said collateral. Strict proof thereof is demanded. By way of further answer, whether there is equity in the collateral or not is irrelevant. Movant has no basis for relief against Debtor or co-debtor.

    d. Denied. Had Movant reached out to Debtor's counsel as required by the Federal Rules of Court, Movant's counsel would have been provided with proof of insurance coverage for said collateral. Further, had Movant's counsel followed the Federal Rules of Court and sought the position of Debtor's counsel to Movant's relief requested, this issue may have been resolved without the need to file a motion which required Debtor's counsel to reach out several times to Movant's counsel to ultimately receive a response and to expend time preparing and filing an Answer to said Motion.

7. Denied. Debtor is without sufficient knowledge as to this allegation. Strict proof thereof is demanded. By way of further answer, there is a co-debtor with respect to said collateral who has not filed for bankruptcy protection and all payments on the collateral have been timely made; therefore, there is no basis for the relief requested by Movant.

8. Denied. There has been no breach of the agreement; therefore, Movant is not entitled to any of the relief requested.

## **NEW MATTER**

9. Debtor's averments contained in Paragraphs 1-8 are incorporated herein as though set forth in entirety.

10. Movant is fully protected in several ways:

    a. The collateral is fully insured.

    b. The payments on the loan are current.

    c. The collateral has been well maintained and Debtor believes there is equity in said collateral. The only decrease in value, if any, would be the result of the fact that said collateral decreases in value over time. Any decrease in value, if applicable, has nothing to do with Debtor or co-debtor's care of the collateral.

11. Movant failed to follow the Federal Rules of Court thereby causing Debtor's counsel to provide unnecessary services and therefore Debtor is seeking attorney's fees and costs.

12. Counsel for Debtor has reached out to counsel for Movant to seek their position with respect to the relief requested herein in the New Matter and said counsel indicated the motion was being withdrawn, but as of the filing of this Answer, said Motion has not been withdrawn. Therefore, it is assumed that Movant does not concur with the relief requested herein. To date, Debtor has incurred attorney's fees in the amount of $2,000.00, and any costs incurred by Debtor and/or her counsel.

Wherefore, Debtor respectfully requests this Honorable Court deny Movant's Motion and award Debtor her attorney's fees as a result of the Movant filing the instant Motion.

Date: May 7, 2021

/s/ Aaron J. Neuharth_____
Aaron J. Neuharth
Attorney for Debtor
Supreme Ct. No.: 88625
PO Box 359
Chambersburg, PA 17201
(717)264-2939